UTZ & DUNN COMPANY, Plaintiff, *v.* CHARLES B. SHERIDAN, as President of JOINT COUNCIL No. 6, UNITED SHOE WORKERS OF AMERICA, and Others, Defendants.

Supreme Court, Monroe Special Term, July (Received August, 1923).

Injunction — restraining acts of labor union — strikes — when local union and strike committee may be punished for contempt.

Where an injunction granted in a strike case covers a labor union not only the individual members thereof who participated in a violation of the injunction but the strike committee having direct charge of the strike and the local union for whom it acted, may be punished for contempt.

MOTION to punish defendants for contempt of court.

*Sutherland & Dwyer*, for motion.

*Phillip H. Donnelly*, opposed.

RODENBECK, J. The facts stand out in the evidence taken in this proceeding that more pickets were gathered at times at plaintiff's plant after the granting of the injunction order than the order allowed; that this violation culminated in a mass movement on July thirty-first when a large crowd gathered; and in large numbers, a great many of whom were shoe workers on strike, followed plaintiff's employees; that plaintiff's employees during this mass demonstration were called " scabs " and three of the employees were assaulted, in one instance the assailant being identified as a striking shoe worker, subsequently convicted for the offense. The conduct of this strike was in the control of the joint council of the local unions, an executive committee and strike committee and there is no reason shown why the injunction order was not enforced. The remedy by injunction in such cases as the present one is well established in law to protect employers and employees and to safeguard the public peace and has been found by experience under the present status of industrial conditions and laws to be necessary to protect property and to avoid personal encounters between contending parties and the possibility of consequent personal injury where such results are reasonably to be

apprehended and generally to insure that protection to life and property and the pursuit of happiness which the Constitution guarantees to all. The motion to punish for a violation of the injunction in this case is directed against those individuals, members of the striking unions, who participated and were responsible for the violation of the injunction. The individual members of the shoe workers union as well as the union itself, are covered by the injunction and those members who participated in its violation are liable for contempt. Those not designated as pickets by proper officials who were present as such in excess of five, assuming without determining that that was the number allowed by the order, are liable for a violation of the injunction. The officials who had direct charge of the strike and who, by not enforcing the order, permitted the violation in relation to picketing are equally culpable with those who participated personally in the picketing. They must have known of the repeated violations in relation to picketing and cannot evade responsibility on the plea of having given advice and instruction as to the number of pickets. Their conduct must be construed as a disregard of the observance of the injunction which finally led to the disturbance and assaults of July thirty-first. They should not be permitted to hide behind their official positions while their subordinates are punished.

The referee finds and the evidence sustains the finding that John D. Nolan, Charles B. Sheridan and Mike Jerome were the strike committee having general supervision of the strike including picketing and that Al. Friedman, Mike Jerome, Fred Labelle, Nick Labello, Phillip Butler, Camille Feranti, Quintino Giganti, John C. Holley, Louis Grello, James Dinardo and Izetta Siple participated among the mass picketers on the occasion of July thirty-first and these persons, the only individual defendants moved against and identified, are guilty of violating the injunction and with their principal, joint council No. 6, and the strike committee, are fined the amount of the referee's fees, stenographer's fees and $150 additional, a total of $456.50.

Ordered accordingly.